.WEYMAN ET AL. *vs.* CATER AND CROPP.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The original and supplemental petition are to be taken as one and the same proceeding. Any variance between a note or document annexed and the description of it in the petition, is cured by the note or document, when offered in evidence, which must govern.

This is an action commenced by attachment, in which the plaintiffs allege the defendants are indebted to them in the sum of six hundred and forty dollars, with four dollars for cost of protest, and interest at the rate of six per centum, it being the amount of a promissory note, which was subscribed by the defendants, of which the petitioners allege they are the holders and owners. The defendants reside in Wetumpka, Alabama.

The note was not annexed to the petition. About a month afterwards, a supplemental petition was presented with the note, and protest annexed, which the plaintiffs pray might be *considered part* of the original petition. The *note* thus annexed and filed, is for the sum of six hundred and forty-*two dollars and sixty-eight cents.*

On the trial, the defendants objected to the note and protest being read in evidence, because there was a *material* variance between it and the one described in the petition. This objection was sustained by the court. There is also in the bill of exception taken to the opinion of the court, the following admission in a memorandum signed by the counsel for the defendants and plaintiffs : "It is also admitted by the defendants, that the plaintiffs are at this time the owners of the note, and that the same was properly protested."

The note and protest being excluded from the evidence, the plaintiffs were unable to make out their case, and judgment of non-suit was rendered, from which they appealed.

*Clarke,* for the plaintiffs.

*Elmore* and *King*, *contra*.

*Rost, J.*, delivered the opinion of the court.

The plaintiffs sued the defendants on a promissory note, not annexed to their petition, but alleged to be for the sum of six hundred and forty dollars. After the appearance and answer of the defendants, the plaintiffs filed a supplemental petition, to which the note and protest were annexed, as forming a part thereof. The defendants filed an answer to this supplemental petition, containing several interrogatories having reference to the note thereto annexed, and the time, place and circumstances of the protest. They, moreover, made a special admission in the record, that the plaintiffs are the owners of the note, and that the same had been properly protested.

On the trial of the cause, the defendant objected to the note annexed to the supplemental petition being given in evidence, because it was for the sum of six hundred and forty-two dollars and sixty-eight cents, whereas that described in their original petition, was only for six hundred and forty. The court maintained the objection, and gave against the plaintiffs a judgment of non-suit: from that judgment they have appealed. The note offered by the plaintiffs ought to have been received in evidence ; the supplemental and original petition are to be taken as one and the same proceeding; and it is well settled in our courts, that when a document or note is annexed to the petition, a variance between it and its description is not fatal, and that the note or document must govern. 3 *Martin*, 644. 6 *Martin N. S.*, 128. 7 *Ibid. N. S.*, 228.

*The original and supplemental petition are to be taken as one and the same proceeding. Any variance between a note or document annexed, and the description of it in the petition is cured by the note or document when offered in evidence, which must govern.*

Besides this, after the answer of the defendants to the supplemental petition, and their admission that the note sued upon had been duly protested and belonged to the plaintiffs, it was too late to contest its identity. If the admissions and interrogatories of the defendants were made in reference to another note, it was incumbent upon them to show that another existed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be avoided and reversed, the exception overruled, and the case remanded to be proceeded in according to law, with directions to the judge not to reject the note offered in evidence, on account of any variance between said note and the description given of it in the original petition. It is further ordered, that the defendants and appellees pay the cost of this appeal.